UNITED STATES, Appellee,

v.

Bienvenido MANZUETA, Defendant, Appellant.

No. 98–1951.

United States Court of Appeals, First Circuit.

Heard Feb. 5, 1999.

Decided Feb. 12, 1999.

Albert B. West on brief for appellant.

Zechariah Chafee with whom Margaret E. Curran, United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, were on brief for appellee.

Before BOUDIN, Circuit Judge, CAMPBELL, Senior Circuit Judge, and LIPEZ, Circuit Judge.

BOUDIN, Circuit Judge.

Bienvenido Manzueta was indicted in August 1997 for possession with intent to distribute cocaine. 21 U.S.C. §§ 841(a)(1), (b)(1)(B). In November 1997, Manzueta pled guilty pursuant to a written plea agreement, admitting that the substance he had possessed was 57.9 grams of crack cocaine. Thereafter Manzueta was sentenced to 70 months' imprisonment and 5 years' supervised release and now appeals.

At sentencing, Manzueta argued to the district judge that cocaine base—of which crack is the most prominent example—had never been scheduled as a controlled substance as provided by 21 U.S.C. §§ 811–12. However, "cocaine" is specifically scheduled as a controlled substance in section 812, sched. II(a)(4). As we recently explained, crack cocaine (a rock-like form) is a type of cocaine base chemically derived from cocaine hydrochloride (powdered cocaine) which is itself derived from a natural form of cocaine base extracted from cocoa leaves. *United States v. Robinson*, 144 F.3d 104, 108 (1st Cir.1998).

Whether as a base or a salt, cocaine is covered by the statute; indeed, natural cocaine base—the starting product—shares the same chemical make-up as crack. *See Robinson*, 144 F.3d at 108. The circuit case law is uniform in holding that cocaine base falls within the statutory definition of cocaine. *United States v. Sloan*, 97 F.3d 1378, 1381–82 (11th Cir.1996), *cert. denied*, 520 U.S. 1277, 117 S.Ct. 2459, 138 L.Ed.2d 216 (1997); *United States v. Deisch*, 20 F.3d 139, 150–51 (5th Cir.1994). Nothing more needs to be said on this point.

Cocaine has been listed as a controlled substance since the passage of the original Controlled Substances Act in 1970. Pub.L. No. 91–513, § 202, 84 Stat. 1247. In 1986, Congress amended the statute by introducing separate and far more severe penalties for "cocaine base." 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii). Accordingly, the statute now imposes a penalty for "cocaine" and a separate and higher penalty for "cocaine base." Since cocaine base is itself a form of cocaine, Manzueta argues on appeal that on that premise he should be entitled to the lower penalty under the rule of lenity.

Although the government argues that this claim has been waived because not fully developed, *see United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.), *cert. denied*, 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990), we think it better to dispose of the claim on the merits to avoid its renewal. The rule of lenity is intended for genuine ambiguity. *Reno v. Koray*, 515 U.S. 50, 64–65, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). We have every reason to think, and Manzueta has provided no basis for doubting, that Congress meant exactly what it said in 1986 in providing that distributors of crack should be subject to an increased penalty.

The statutory language specifically imposes a higher penalty for cocaine base, and the legislative history makes clear that crack was the target. Manzueta's contrary position on this issue has been rejected firmly by other circuits. *E.g., United States v. Fields*, 113 F.3d 313, 324–25 (2d Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 434, 139 L.Ed.2d 334 (1997); *United States v. Sloan*, 97 F.3d at 1382; *United States v. Fisher*, 58 F.3d 96, 98–99 (4th Cir.), *cert. denied*, 516 U.S. 927, 116 S.Ct. 329, 133 L.Ed.2d 229 (1995). We join these circuits and rest on their reasoning.

At oral argument, counsel for Manzueta eloquently argued that penalties for crack cocaine are disproportionate and that the court should be ready to take every reasonable opportunity that would lead to a sentence for crack cocaine closer or equal to that that Congress has provided for powdered cocaine. Whether the ratio is fair or not, Congress has spoken with ample clarity, and the constitutional challenge to its decision has been regularly rejected. *See, e.g., Sloan*, 97 F.3d at 1383–84; *Fisher*, 58 F.3d at 99–100.

*Affirmed.*