**Dennis SANDERS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 99–2516.

United States Court of Appeals, Second Circuit.

Argued Jan. 8, 2001.

Decided Jan. 11, 2001.

Jeremiah Donovan, Old Saybrook, CT, for petitioner-appellant.

Anthony E. Kaplan, Assistant United States Attorney, New Haven, CT, (Stephen C. Robinson, United States Attorney for the District of Connecticut), for petitioner-appellee.

Before VAN GRAAFEILAND, WINTER, SOTOMAYOR, Circuit Judges.

PER CURIAM:

Petitioner-appellant Dennis Sanders ("Sanders") appeals from an order of the United States District Court for Connecticut (Dominic J. Squatrito, *Judge* ) denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Sanders pled guilty pursuant to a plea agreement to one count of carrying a firearm in relation to a narcotics trafficking offense in violation of 18 U.S.C. § 924(c)(1) ("firearm count") and one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) ("narcotics count"), and

the district court sentenced Sanders to a term of imprisonment of sixty months on the firearm count to run consecutively with 63 months on the narcotics count. Sanders did not directly appeal his sentence. In his § 2255 motion, Sanders contends, *inter alia*, that the district court lacked jurisdiction over the narcotics count because neither cocaine base nor crack cocaine is a scheduled controlled substance.[1]

Sanders' argument that cocaine base and crack cocaine are not scheduled controlled substances because they are not listed by name in the schedule is without merit. Under 21 U.S.C. § 802(6), a controlled substance is defined as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). Schedule II lists "[c]oca leaves ...; cocaine ...; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph." 21 U.S.C. § 812, Schedule II(a)(4); *see also* 21 C.F.R. § 1308.12(b)(4) (listing in schedule II "[c]oca leaves [ ] and any salt, compound, derivative or preparation of coca leaves (including cocaine ... and [its] salts, isomers, derivatives and salts of isomers and derivatives), and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances"). Because cocaine base and crack cocaine are mixtures that contain cocaine and are derived from coca leaves, *see United States v. Canales,* 91 F.3d 363, 366–69 (2d Cir.1996) (describing chemical composition of cocaine base and crack cocaine); *United States v. Jackson,* 968 F.2d 158, 161–62 (2d Cir.1992), *superseded by statute on other grounds* (same), both substances are encompassed by schedule II's definition. *Accord United States v. Manzueta,* 167 F.3d 92, 93–94 (1st Cir.1999) (holding that cocaine base and crack cocaine are controlled substances under schedule II).

1. In a separate summary order filed today, we

For these reasons, we affirm the district court's denial of Sanders' claim in his § 2255 petition that the court lacked jurisdiction over his narcotics count.

address petitioner's other arguments.