UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 01-4045

CLYBURN LEROY MOSES,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-215)

Submitted: June 29, 2001

Decided: August 3, 2001

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

———————————————————————————

Affirmed by unpublished per curiam opinion.

———————————————————————————

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Clyburn Leroy Moses appeals his conviction and sentence of 148 months' imprisonment for possession with intent to distribute 47.4 grams of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B) (West 1999); and 60 months' imprisonment for possession of firearms in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West 2000). Moses' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), arguing that Moses' conviction violates the Double Jeopardy Clause, but stating that, in his view, there are no meritorious grounds for appeal. Moses has filed a pro se supplemental brief asserting a variety of claims. Finding no reversible error, we affirm.

Moses argues his federal conviction violates the Double Jeopardy Clause because he was previously taxed by North Carolina upon the same conduct giving rise to his federal conviction. Criminal penalties imposed on the same conduct by separate sovereigns do not violate the Double Jeopardy Clause. *Abbate v. United States*, 359 U.S. 187, 193-95 (1959).

Moses challenges the sufficiency of the search warrant predicating his charge. A valid plea of guilty generally constitutes a waiver of non-jurisdictional defects occurring prior to the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Moses did not preserve his appellate rights as to this issue in his plea agreement, and we therefore find it is waived.

Moses argues his counsel was ineffective for failing to move to suppress the evidence. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, ineffective assistance of counsel claims generally

should be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) proceeding. *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the trial record conclusively establishes ineffective assistance of counsel. *See King*, 119 F.3d at 295. Because review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude Moses' claim should be brought, if at all, in a § 2255 proceeding, not on direct appeal.

Moses argues that cocaine base is not properly a Schedule II substance. We find this claim to be without merit. *See, e.g.*, *Sanders v. United States*, 237 F.3d 184 (2d Cir.) (per curiam), *cert. denied*, 121 S. Ct. 1667 (2001). Finally, Moses' claim that North Carolina did not have jurisdiction to impose a state tax on conduct giving rise to his federal conviction is not properly before this court because it is unrelated to his federal conviction and sentence.

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Moses' conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*