NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2010
Decided April 1, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-1663

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04-CR-888-6 |
| RICHARD COOKS, *Defendant-Appellant.* | Charles R. Norgle, Sr., *Judge.* |

**O R D E R**

A jury found Richard Cooks guilty of conspiring to possess with intent to distribute crack cocaine and cocaine powder. *See* 21 U.S.C. §§ 846, 841(a)(1). After finding that Cooks was responsible for 4.5 kilograms of crack and 27 kilograms of cocaine, the district court calculated a guidelines imprisonment range of 30 years to life, but imposed a below-range term of 25 years. Cooks directed trial counsel to file a notice of appeal, but his appointed appellate lawyer sought to withdraw because he could not discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967).

Without passing on the issues identified by counsel in his facially adequate brief or Cooks in his response under CIR. R. 51(b), we denied counsel's motion to withdraw. *United States v. Cooks*, No. 07-1663 (7th Cir. Oct. 10, 2008). Cooks was sentenced before the

Supreme Court decided *Kimbrough v. United States*, 128 S.Ct. 558 (2007), and neither Cooks nor the district judge referenced the differential in base offense levels for crimes involving like amounts of crack and powder. Thus, we reasoned, it would not be frivolous for him to seek a limited remand to determine whether the district court would have sentenced him differently had it known of its discretion to differ with the crack-to-powder ratio embodied in the sentencing guidelines. S*ee United States v. Taylor*, 520 F.3d 746 (7th Cir. 2008).

Cooks and the government filed a joint motion for a limited remand, which we granted, and the district court entered an order stating that it was not inclined to use its discretion to resentence Cooks. The government and counsel have since filed statements of position; counsel's submission renews his motion to withdraw. Because the district court's decision on the limited remand eliminates any nonfrivolous argument based on *Kimbrough*, we now review the issues initially identified by counsel and Cooks.

Counsel first considers whether Cooks could challenge the sufficiency of the evidence underlying his conviction. This court would overturn the conviction only if it concluded, after viewing the evidence in the light most favorable to the government, that no rational jury could have found the elements of the conspiracy offense beyond a reasonable doubt. *See Jackson v. Va.*, 443 U.S. 307, 319 (1979); United States v. Bustamante, 493 F.3d 879, 884 (7th Cir. 2007).

The evidence overwhelmingly supports Cooks's conviction. To prove a drug conspiracy, the government must show that there was an understanding between the co-conspirators to work together to distribute drugs. *See Bustamante*, 493 F.3d at 884. Prolonged cooperation and mutual trust between the parties, including sales on credit, and large quantities of drugs are among the factors that indicate a conspiracy. *Id.* at 884-85. The prosecution's evidence included recorded phone calls between Cooks and his co-conspirators in which they discussed how much cocaine their customers needed and arranged to deliver it. The government also elicited detailed testimony from one of Cooks's co-conspirators, Melvin Gordon. Gordon testified that, among other things, he supplied crack cocaine to Cooks and co-conspirators on credit, cooked crack with Cooks 50 or 60 times, and advised Cooks on customer recruitment and avoiding law enforcement. The agent who arrested Cooks also testified that Cooks confessed that the conspirators stored drugs and large amounts of cash in his apartment, which they called "the lab" due to the many times that they cooked crack there. This evidence was more than sufficient for a rational jury to find that Cooks had an agreement with his co-conspirators to distribute drugs.

Counsel next contemplates whether Cooks could argue that the district court (which adopted the probation officer's recommendations over Cooks's objection) incorrectly found him responsible for over 4.5 kilograms of crack cocaine, yielding a base offense level of 38. This court would review the district court's findings as to drug quantity for clear error. *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007). Because there was extensive evidence that Cooks personally and repeatedly assisted Gordon in obtaining, processing, and distributing varying amounts of crack and cocaine powder, the court's determination of quantity was not clear error. A contrary position would be frivolous.

Counsel lastly considers challenging the reasonableness of Cooks's below-guidelines prison sentence but concludes that any such argument would be frivolous. This court has "never deemed a below-range sentence to be unreasonably high," *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008), and counsel identifies no reason why Cooks's sentence should be any different.

Cooks, in his Rule 51(b) response, proposes to argue that cocaine base in its crack form does not have an accepted medical use in treatment and does not meet the definition of a Schedule II narcotic. *See* 21 U.S.C. § 812(b)(2)(B). Cooks suggests that the government therefore has no authority to treat crack as a controlled substance. Cooks may be correct that there is no currently accepted medical use for crack cocaine, but cocaine base *is* a controlled substance. *See* 21 C.F.R. § 1308.12(b)(4); *United States v. Manzueta*, 167 F.3d 92, 93 (1st Cir. 1999) ("Whether as a base or a salt, cocaine is covered by the statute . . . . The circuit case law is uniform in holding that cocaine base falls within the statutory definition of cocaine.").

Cooks next suggests that the government constructively amended the indictment in violation of the Fifth Amendment by proving far more than the 50 grams of crack alleged in the indictment. *See United States v. Haskins*, 511 F.3d 688, 692 (7th Cir. 2007). A constructive amendment occurs only where the jury is permitted to convict for an offense different from those specified in the indictment. *See United States v. Mitov*, 460 F.3d 901, 906 (7th Cir. 2006). Because drug quantity is a sentencing factor, and not an element under § 846 or § 841(a)(1), *see Edwards v. United States*, 523 U.S. 511, 513-514 (1998); *United States v. Abdulahi*, 523 F.3d *757*, 760 (7th Cir. 2008), the government could not have constructively amended the indictment by proving that Cooks was responsible for a greater drug quantity. Moreover, the indictment alleges that Cooks conspired to possess with intent to distribute 50 "or more" grams of crack, and more is precisely what the government proved.

Third, Cooks seeks to argue, based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that his 25-year sentence exceeds the statutory maximum for his crime. Cooks mistakenly believes that but for the court's determination of drug quantity he would have faced a

maximum sentence of 20 years imprisonment under § 841(b)(1)(C), and so *Apprendi*, 530 U.S. at 490, required the government to prove drug quantity to the jury beyond a reasonable doubt. In fact § 841(b)(1)(C) authorizes a maximum sentence of 30 years for any person who, after a conviction for a drug felony, conspires to possess any quantity of crack with intent to distribute. *See United States v. Henry*, 408 F.3d 930, 934 (7th Cir. 2005). The only predicate is that the government must file notice of its intention to seek enhanced penalties under 21 U.S.C. § 851, which it did in this case. That would be enough to render *Apprendi* irrelevant in this case. In any event, the government *did* allege and the jury *did* find beyond a reasonable doubt that Cooks's conspiracy involved a quantity of crack sufficient to trigger a potential life sentence. *See* 21 U.S.C. § 841(b)(1)(A)(iii); *United States v. Seymour*, 519 F.3d 700, 710 (7th Cir. 2008). Thus, an *Apprendi* argument would be especially frivolous.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.