09-4675-cr(L)
United States v. Deas

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand eleven.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

VIDA DEAS, a/k/a V,

> *Defendant-Appellant*.

Nos.  09-4675-cr(L)
      09-5295-cr(Con)

---

FOR APPELLANT:     JAMES M. BRANDEN, ESQ., New York, New York.

FOR APPELLEE:      CHRISTOPHER M. MATTEI, Assistant United States Attorney
                   (Robert M. Spector, Assistant United States Attorney, *of counsel*),
                   *for* David B. Fein, United States Attorney, District of Connecticut.

---

Appeal from the United States District Court for District of Connecticut (Droney, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Vida Deas appeals from a judgment entered by the district court (Droney, *J.*), convicting him, following a jury trial, of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and two counts of possession with intent to distribute an unspecified quantity of cocaine base under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and sentencing him in principal part to 240 months' imprisonment on each count, to run concurrently. Deas argues that the trial evidence was insufficient to show that he knowingly joined and participated in the charged conspiracy; that the district court erred by allowing into evidence prejudicial testimony concerning his relationship with Bobby Turner, the brother of one of the co-conspirators; and that he should receive the benefit of the reduced mandatory minimum sentences applicable to crack cocaine offenses under the Fair Sentencing Act of 2010. In a supplemental *pro se* brief, Deas argues further that the superseding indictment on which he was tried was untimely under the Speedy Trial Act, 18 U.S.C. § 3161(b); that cocaine base is not a Schedule II controlled substance; and that his prior state court felony drug conviction, for which he received a sentencing enhancement under 21 U.S.C. § 851, was invalid. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and discuss these only where necessary to explain our decision.

In reviewing a sufficiency challenge, we view the evidence in the light most favorable to the Government and assume that the jury resolved all questions of witness credibility and

competing inferences in favor of the prosecution. *See United States v. Payne*, 591 F.3d 46, 59-60 (2d Cir. 2010). A defendant challenging the sufficiency of the evidence thus "bears a very heavy burden," *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002), because we must uphold the verdict provided that "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" *United States v. Stewart*, 590 F.3d 93, 109 (2d Cir. 2009) (internal quotation marks and emphasis omitted); *see also United States v. Morgan*, 385 F.3d 196, 204 (2d Cir. 2004) ("In cases of conspiracy, deference to the jury's finding is especially important . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel.") (internal quotation marks omitted).

For a conspiracy conviction to stand, there must be evidence upon which a reasonable jury could find "both the existence of the conspiracy alleged and the defendant's membership in it." *United States v. Chavez*, 549 F.3d 119, 125 (2d Cir. 2008). Deas challenges only this second element, painting himself as a "one-man, small-time crack distributor" who was incidentally caught up in the Government's investigation of a wide-reaching drug conspiracy. Ample evidence shows, however, that this characterization is inaccurate. Byron Turner, Deas's co-conspirator, testified at length about how he and Deas would drive around conducting crack cocaine transactions and how Deas would frequently convert powder cocaine into crack cocaine for Turner. In addition, other evidence—including intercepted phone calls—showed that Deas introduced Turner to a powder cocaine supplier and that the two of them purchased cocaine from the supplier that was later converted into crack cocaine for distribution. Based on this evidence,

a reasonable jury could have easily concluded that Deas "knowingly joined and participated in" the charged conspiracy. *United States v. Snow*, 462 F.3d 55, 68 (2d Cir. 2006).

Deas also challenges the propriety of the testimony the government elicited from Byron Turner regarding Deas's relationship with Turner's brother, Bobby, who was arrested for drug dealing. The Assistant United States Attorney represented to the trial judge that he was "not going to be asking [Byron] anything about Mr. Bobby Turner and Mr. Deas's relationship about selling narcotics. It's simply going to be whether [Byron] knew that . . . Bobby Turner and Mr. Deas were friends." After making that representation, the Government elicited testimony which communicated an inference that Deas had processed crack for Bobby Turner. We need not determine whether the receipt of this evidence was an abuse of the district court's discretion because we conclude that any error was harmless. This testimony came from Byron Turner, who testified to Deas's extensive participation in Byron's own drug dealing, which was the offense charged. If the jury found Byron to be truthful in spite of the defendant's efforts to impeach him, it would convict Deas on the basis of Byron's testimony about the defendant's commission of the crime charged. Byron's additional implication that Deas processed crack for Bobby would add no prejudice. And if the jury doubted Byron's veracity, it would acquit Deas regardless of whether Byron accused the defendant of working in drugs with Bobby as well as with Byron. In the present circumstances, the challenged testimony had little or no capacity to prejudice the defendant.

Deas also argues that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (amending 21 U.S.C. § 841) ("FSA"), which reduced sentences for certain crack cocaine offenses, should apply retroactively and that he should be resentenced under those

reduced sentences. As we recently reiterated, however, "'because the FSA took effect . . . after [the defendant] committed his crimes 1 U.S.C. § 109 [the general savings statute] bars the Act from affecting his punishment.'" *United States v. Acoff*, 634 F.3d 200, 202 (2d Cir. 2011) (quoting *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010) (alteration in *Acoff*)). Indeed, even assuming the Act applies to sentences imposed on or after its enactment on August 3, 2010, *cf. United States v. Rojas*, 645 F.3d 1234 (11th Cir. 2011) (holding that the FSA applies to post-August 3, 2010 sentencings), Deas's sentence would be unaffected because he was sentenced in December 2009.

Finally, having fully considered Deas's *pro se* arguments, we reject them as lacking merit. *See, e.g.*, *United States v. Gaskin*, 364 F.3d 438, 451 (2d Cir. 2004) (holding that an untimely indictment will not be dismissed under 18 U.S.C. § 3162(b) so long as it pleads charges different from the original complaint, even if the indictment arises from the same criminal episode charged in the complaint); *Sanders v. United States*, 237 F.3d 184, 185 (2d Cir. 2001) (per curiam) ("[Defendant's] argument that cocaine base and crack cocaine are not scheduled controlled substances because they are not listed by name in the schedule is without merit."); 21 U.S.C. § 851(e) (barring a defendant from challenging the validity of any prior conviction used to enhance a sentence under § 851 if that conviction occurred more than five years before the date of the information alleging the conviction).

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
