USA v. Diaz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Submitted: December 10, 2010                    Decided: December 15, 2010)

Docket No. 10-317-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v-                                               10-317-cr

STEVEN A. DIAZ, a/k/a Peto,

*Appellant*.

_____

Before: CABRANES, POOLER, and WESLEY, *Circuit Judges*.

Counsel for Appellant moves for permission to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government moves for summary affirmance of an order of the district court (Buchwald, *J.*) denying Appellant's motion for a reduction to his sentence. We grant counsel's *Anders* motion and the Government's motion for summary affirmance, inter alia, on the ground that Appellant is not entitled to the benefit of the recently enacted Fair Sentencing Act of 2010. Appellant was sentenced before the effective date of the Act, and the Act is not retroactive. The *Anders* motion is GRANTED and the judgment is AFFIRMED.

_____

YUANCHUNG LEE, Federal Defenders of New York, Inc., New York, NY, *for Appellant*.

ALVIN BRAGG, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

PER CURIAM:

Yuanchung Lee, counsel for Appellant, moves for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government moves for summary affirmance of an order of the district court (Buchwald, *J.*) denying Appellant's motion for a reduction to his sentence. The Government argues, inter alia, that the district court's denial of Appellant's motion for a reduction to his sentence should be affirmed because the Fair Sentencing Act of 2010 ("FSA"), which reduces the disparity between crack and powder cocaine, is not retroactive, and therefore, could not operate to reduce Appellant's sentence, since he was convicted and sentenced before the FSA was signed into law.

Pursuant to the general savings statute, 1 U.S.C. § 109, "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty . . . incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty[.]" In this case, the FSA contains no express statement that it is intended to have retroactive effect nor can we infer such intent from its language. As a result, the FSA cannot be applied to reduce Appellant's sentence because, inter alia, he was convicted and sentenced before the FSA was enacted. *See United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010); *United*

2

*States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010) ("[B]ecause the FSA took effect . . . after appellant committed his crimes 1 U.S.C. § 109 bars the Act from affecting his punishment.").

We have considered the remaining arguments and conclude that there is no non-frivolous basis on which Appellant could appeal the district court's order denying his motion for a reduction of sentence. Accordingly, upon due consideration, it is hereby **ORDERED** that the *Anders* motion and the motion for summary affirmance are **GRANTED**, and the judgment of the district court declining to reduce Appellant's sentence is **AFFIRMED**.