<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4516**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

KENENISKI JERALD GLANTON, a/k/a Jerald, a/k/a Gerald,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, District Judge.
(1:08-cr-00729-MBS-2)

Submitted:  December 23, 2010      Decided:  January 14, 2011

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South
Carolina, for Appellant.  Stanley Duane Ragsdale, John David
Rowell, Assistant United States Attorneys, Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keneniski Jerald Glanton appeals the 200-month sentence imposed following his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2010). Counsel for Glanton filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether the district court imposed an unreasonable sentence. Glanton has filed a pro se supplemental brief, arguing that he should be resentenced under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, that his sentence is unreasonable and unconstitutional, and that counsel rendered ineffective assistance. We affirm.

Counsel challenges Glanton's sentence, but does not specify any deficiencies. We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a)

2

[(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (emphasis omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "'state in open court'" the particular reasons that support its chosen sentence. Id. (quoting 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2010)). The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations omitted).

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court calculated the Guidelines range and understood that it was advisory. Furthermore, it is apparent that the court considered the arguments of the parties and had a reasoned basis for its decision. The court made an individualized statement explaining the sentence imposed. Thus, the district court did not commit procedural error during sentencing.

Glanton's sentence is also substantively reasonable. In reviewing a sentence outside the Guidelines range, we "'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" United States v. Morace, 594 F.3d 340 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010). Here, the district court's variant sentence is supported by the Government's motion to depart from the Guidelines under 18 U.S.C. § 3553(e) (2006) and U.S. Sentencing Guidelines Manual § 5K1.1 (2008). We conclude that the court imposed a reasonable sentence under the circumstances. We reject the claims raised in Glanton's pro se supplemental brief as meritless.[*]

---

[*] The Fair Sentencing Act, which increased the amounts of crack cocaine that trigger statutory mandatory minimum sentences in 21 U.S.C. § 841(b) (West 1999 & Supp. 2010), is not
(Continued)

4

In accordance with <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Glanton, in writing, of the right to petition the Supreme Court of the United States for further review. If Glanton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Glanton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

retroactive and is therefore inapplicable to Glanton's sentence. See <u>United States v. Diaz</u>, ___ F.3d ___, 2010 WL 5094222, at *1 (2d Cir. 2010); <u>United States v. Brewer</u>, 624 F.3d 900, 909 n.7 (8th Cir. 2010); <u>United States v. Bell</u>, 624 F.3d 803, 814 (7th Cir. 2010); <u>United States v. Gomes</u>, 621 F.3d 1343, 1346 (11th Cir. 2010); <u>United States v. Carradine</u>, 621 F.3d 575, 580 (6th Cir. 2010).

Further, ineffective assistance of counsel claims are not cognizable on direct appeal unless it conclusively appears on the record that defense counsel was ineffective. <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008). Because the record here does not conclusively demonstrate that Glanton's counsel provided ineffective assistance, Glanton must pursue this claim, should he wish to do so, in an appropriate proceeding for post-conviction relief.