Judge CALABRESI concurs in a separate opinion.
Judge LYNCH concurs in a separate opinion.
PER CURIAM:
Appellee Joshua Acoff pled guilty in the United States District Court for the District of Connecticut (Peter C. Dorsey, J.) to possessing five or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841. Although the district court accepted Acoffs plea of guilty to that offense, it declined to sentence him pursuant to Section 841(b)(1)(B), the penalty provision that covers the conduct charged in the indictment and admitted to by Acoff. In lieu of the sixty-month sentence mandated by the statute, the district court sentenced Acoff to fifteen months in prison, over the government’s objection. The district court justified its decision by observing that the 100-to-l ratio between crack and powder cocaine sentences established by the statute then in force “does not make sense at all.” The government appealed.
The district court manifestly erred in sentencing Acoff to a term below the statutory minimum. As the Supreme Court has explained, “the scope of judicial discretion with respect to a sentence is subject to congressional control.” Mistretta v. United States, 488 U.S. 361, 364, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Accordingly, except in circumstances not applicable here,[1] district courts lack the au *202 thority to impose a sentence below the statutory minimum. See Kimbrough v. United States, 552 U.S. 85, 108, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).
Acoff contends that the mandatory minimum sentence no longer applies to him in light of intervening congressional legislation that reduced sentences for certain crack cocaine offenses. See Fair Sentencing Act of 2010, Pub.L. No. 111-220, § 2, 124 Stat. 2372 (amending 21 U.S.C. § 841) (“FSA”). This argument is unavailing. Under the general savings statute, 1 U.S.C. § 109, “[t]he repeal of any statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty.” Although Acoff argues that the savings statute does not foreclose retroactive application of the FSA, we have recently held otherwise. See United States v. Diaz, 627 F.3d 930 (2d Cir.2010).
The fact that Acoff, unlike the defendant in Diaz, had not yet exhausted his appeals when the FSA came into force does not change our analysis. Relying on Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), Acoff argues that principles of equal protection require us to read the FSA as applying not only to future offenders, but also to those who violated the statute before it was amended but whose sentences were not yet final when the FSA was enacted. That is not correct. The constitutional concern that occupied the court in Griffith was “the actual inequity that results when the Court chooses which of many similarly situated defendants should be the chance beneficiary of a new rule.” Id. at 323, 107 S.Ct. 708 (internal quotation marks omitted, emphasis in the original). The Court’s holding, which required lower courts to apply new constitutional rules of criminal procedure to all cases not yet final, was intended to account for the injustice that would result if the Court were to grant certiorari and reverse one defendant’s conviction, while otherwise applying the new rule only prospectively. There is no suggestion in Griffith that similar constitutional concerns would apply to a new rule announced by Congress. To the contrary, the Court found it necessary to adopt the rule that it did precisely because “[ujnlike a legislature, we do not promulgate new rules of constitutional criminal procedure on a broad basis.” Id. at 322, 107 S.Ct. 708. It is not irrational for Congress to impose a penalty on those who committed their offenses at a time when they knew or should have known the severity of the applicable penalty, even while reducing the penalty as to future offenders. Accordingly, “because the FSA took effect ... after [the defendant] committed his crimes 1 U.S.C. § 109 bars the Act from affecting his punishment.” Diaz, 627 F.3d at 931, quoting United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir.2010) (omission in the original).
Acoff next contends that the mandatory sentencing scheme in former 21 U.S.C. § 841(b) violates the equal protection component of the Fifth Amendment, because there is no rational basis for the disparity between sentences for crack and powder cocaine. We have repeatedly rejected this argument. See United States v. Regalado, 518 F.3d 143, 149 n. 3 (2d *203 Cir.2008); United States v. Then, 56 F.3d 464, 466 (2d Cir.1995); United States v. Moore, 54 F.3d 92, 97-99 (2d Cir.1995); United States v. Stevens, 19 F.3d 93, 96-97 (2d Cir.1994). Nothing in the text or legislative history of the Fair Sentencing Act undermines the validity of these prior decisions. As we have noted in another context, “[a] congressional decision that a statute is unfair, outdated, and in need of improvement does not mean that the statute when enacted was wholly irrational or, for purposes of rational basis review, unconstitutional.” Smart v. Ashcroft, 401 F.3d 119, 123 (2d Cir.2005).
We have considered Acoffs remaining arguments and find them to be without merit. Because we reject Acoffs arguments on the merits, we need not address the government’s argument that Acoff waived his right to defend the sentence on appeal in his plea agreement.
CONCLUSION
For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED for resentencing consistent with this decision.

. A district court may sentence a defendant below the statutory minimum (1) where the defendant provided substantial assistance and the government moves to release the defen *202 danl from the statutory minimum under 18 U.S.C. § 3553(e), and (2) where the "safety-valve” exception (18 U.S.C. § 3553(f)) applies. In the present case, the government did not move pursuant to Section 3553(e), and Acoff did not qualify for safety valve consideration pursuant to Section 3553(f).