10-266-cr
United States v. Donald

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand eleven.

PRESENT:  DENNIS JACOBS,
           GUIDO CALABRESI,
           REENA RAGGI,
             *Circuit Judges.*

------------------------------------------------------

UNITED STATES OF AMERICA,
           *Appellee*,

      v.                                                        No. 10-266-cr

ALBERT DONALD,

      *Defendant-Appellant*.

------------------------------------------------------

APPEARING FOR APPELLANT:  MAURICE J. VERRILLO, Esq., Rochester, New York.

APPEARING FOR APPELLEE:  DOUGLAS E. GREGORY, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 13, 2010, is AFFIRMED.

Defendant Albert Donald, who was convicted after trial of various narcotics trafficking offenses, see 21 U.S.C. § 841(a)(1), (b)(1)(B), appeals from the district court's judgment of conviction sentencing him to concurrent 240-month, 120-month, and 60-month terms of incarceration. Specifically, Donald challenges (1) the district court's denial of (a) his motion to suppress evidence, (b) his request for a "missing witness" charge, and (c) his motion for a new trial; (2) the sufficiency of the trial evidence supporting his conviction ; and (3) the reasonableness of his sentence. We assume the parties' familiarity with the facts and record of prior proceedings in explaining our decision to affirm.

1.    Trial Motions

    a.    Suppression Motion

Donald argues that evidence seized after a search of his residence pursuant to a warrant should have been suppressed because the warrant (a) was based on materially false or misleading information, see Franks v. Delaware, 438 U.S. 154, 171-72 (1978), and (b) was not supported by probable cause. We are not persuaded.

2

i.    False Information in the Warrant Application

A defendant challenging the accuracy of representations in a warrant application must demonstrate by a preponderance of the evidence "(1) that the inaccuracies were the product of a Government agent's 'deliberate falsehood' or 'reckless disregard for the truth' rather than innocent mistake, and (2) that, after setting aside the falsehoods, what remains of the warrant affidavit is insufficient to support a finding of probable cause." United States v. Coreas, 419 F.3d 151, 155 (2d Cir. 2005) (quoting Franks v. Delaware, 438 U.S. at 171-72); see also United States v. Canfield, 212 F.3d 713, 717-18 (2d Cir. 2000). Although we review de novo whether the untainted portions of a warrant application demonstrate probable cause, we review only for clear error a district court's determination of whether officers acted deliberately or recklessly. See United States v. Awadallah, 349 F.3d 42, 65 (2d Cir. 2003).

In identifying allegedly false information in the subject warrant application, Donald relies upon two later-recanted written statements of confidential informant Gregory Jasper to the effect that he provided false information that was included in the warrant application. After a Franks hearing, a magistrate judge recommended that suppression be denied because, even if Jasper's information was false, Donald failed to present any evidence that officers knew or were recklessly unaware of its falsity when they obtained the challenged warrant. We identify no error in that conclusion, which the district court adopted, because it accurately characterizes the record.

3

## ii. Probable Cause

"[P]robable cause to search is demonstrated where the totality of circumstances indicates a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). Although the "existence of probable cause is a question of law for the court," a reviewing court nevertheless must "accord considerable deference to the probable cause determination of the issuing magistrate." Id. at 157. Thus, we will affirm where the "totality of the circumstances" afforded the issuing magistrate "a substantial basis" for making the requisite probable cause determination. Illinois v. Gates, 462 U.S. at 238 (internal quotation marks omitted).

Donald argues that the challenged warrant was not supported by probable cause because the warrant application described narcotics transactions that did not occur at his residence and included no additional allegations demonstrating a likelihood that evidence of criminality could be located specifically at his residence. See United States v. Singh, 390 F.3d 168, 182 (2d Cir. 2004) (requiring nexus between alleged criminality and location to be searched); Velardi v. Walsh, 40 F.3d 569, 575 n.2 (2d Cir. 1994) (same). We disagree. As the magistrate judge and district judge both recognized, the warrant application described the involvement of Donald's wife, Floretta Alston, in the narcotics distribution scheme and, particularly, an occasion when officers observed Alston traveling from Donald's residence

4

to consummate a narcotics transaction with Jasper. Together with the scale of Donald's distribution activities, see United States v. Fama, 758 F.2d 834, 837-38 (2d Cir. 1985) (suggesting that size of narcotics trafficking scheme may be factor relevant to probability that contraband will be located at trafficker's residence), there was a substantial basis for the issuing judge to find by a fair probability that evidence of this criminal conduct could be located at Donald's residence.

Accordingly, Donald's motion to suppress evidence was properly denied.

b.      Missing Witness Instruction

Donald submits that the district court erred in refusing to give a "missing witness" instruction based on the government's failure to call Jasper as a trial witness.[1] A missing witness instruction "permits the jury to draw an adverse inference against a party failing to call a witness when the witness's testimony would be material and the witness is peculiarly within the control of that party." United States v. Caccia, 122 F.3d 136, 138 (2d Cir. 1997). We afford district judges "considerable discretion" in deciding whether to give such an instruction, United States v. Gaskin, 364 F.3d 438, 463 (2d Cir. 2004), and we review a refusal to do so for abuse of discretion and actual prejudice, see United States v. Ebbers, 458

---

[1] Donald also suggests that the government violated his Sixth Amendment right of confrontation because it "utilize[d] third persons to establish the underlying [narcotics] transactions" rather than relying on the testimony of Jasper, the alleged narcotics purchaser. Appellant's Br. at 25. Donald fails to make out a Sixth Amendment violation, however, because he identifies no testimonial evidence offered against him by a witness he was unable to confront. See, e.g., Crawford v. Washington, 541 U.S. 36, 68 (2004).

5

F.3d 110, 124 (2d Cir. 2006), which we do not identify here.

A prerequisite to a missing witness charge is reason to think the witness is peculiarly within the control of the party that does not call him. See United States v. Caccia, 122 F.3d at 139 ("The requirement that the witness be 'peculiarly within the control' of the party ensures that the inference is not available to be drawn against a party who, in comparison with an adversary, lacks meaningful or pragmatic access to the witness.").  Although Jasper was a confidential informant who had testified for the government at a pre-trial hearing, the district court acted within its discretion in finding that this control had ceased by the time of trial when the government's extensive efforts to locate Jasper had all proved unsuccessful. Under these circumstances, we identify no error in the decision not to give a missing witness charge.

c.      Motion for a New Trial

Donald faults the district court for not holding an evidentiary hearing before denying his post-verdict new trial motion.  Where, as here, such a motion is based on purportedly newly-discovered evidence of perjury by a trial witness, "'a threshold inquiry is whether the evidence demonstrates that the witness in fact committed perjury.'" United States v. Stewart, 433 F.3d 273, 297 (2d Cir. 2006) (quoting United States v. White, 972 F.2d 16, 20 (2d Cir. 1992)).  Under such circumstances, we afford a district court broad discretion "because its vantage point as to the determinative factor – whether newly discovered evidence would have

6

influenced the jury – has been informed by the trial over which it presided." Id. at 296. Thus, we review for abuse of discretion both a district court's decision not to grant a new trial motion, see United States v. Polouizzi, 564 F.3d 142, 159 (2d Cir. 2009), and its refusal to hold an evidentiary hearing, see United States v. Sasso, 59 F.3d 341, 350 (2d Cir. 1995).

The district court did not err, let alone abuse its discretion, in declining to hold a hearing in this case. Donald based his motion on two affidavits impeaching Alston's trial testimony: the first, from Donald's brother, stating that another individual, who claimed to be dating Alston at the time, said that the seized materials did not belong to Donald; and the second, from Sekine Anderson, stating that she overheard Alston tell another woman that the seized materials did not belong to Donald. The district court reasonably dismissed these affidavits as "suspect and lack[ing] credibility," Order at 5, United States v. Donald, No. 07-CR-6208L (W.D.N.Y. Nov. 12, 2009), and acted well within its discretion in refusing to hold a hearing where, having observed Alston's trial testimony and received a supplemental affidavit from her denying the perjury allegations, it found her testimony to be credible and corroborated by other evidence, cf. United States v. DiPaolo, 835 F.2d 46, 51 (2d Cir. 1987) (noting hearing seldom required for new trial motion based on witness's own affidavit recanting testimony, especially where district court observed witness's testimony).

2.    Sufficiency Challenge

Donald challenges the sufficiency of the evidence to support his conviction on counts

of (1) conspiracy to possess with intent to distribute narcotics, (2) distribution of narcotics, (3) possession with intent to distribute narcotics, and (4) possession of a firearm in furtherance of narcotics crimes. A defendant mounting a sufficiency challenge bears a heavy burden because, although our standard of review is de novo, we must view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, including those pertaining to credibility. See United States v. Heras, 609 F.3d 101, 105 (2d Cir. 2010); United States v. Sabhnani, 599 F.3d 215, 241 (2d Cir. 2010). We will reverse only if we conclude that no reasonable jury could find guilt beyond a reasonable doubt based on the totality of the evidence. See United States v. Heras, 609 F.3d at 105-06. Under this standard, we conclude that Donald's sufficiency challenge is without merit.

To begin, the jury heard testimony from Alston that she frequently observed Donald preparing and packaging cocaine for sale during the time-frame of the charged conspiracy, that she was present during numerous narcotics transactions in which Donald participated, and that she consummated narcotics transactions at Donald's direction. Although this testimony alone was sufficient to support Donald's conviction on the narcotics counts, see, e.g., United States v. Florez, 447 F.3d 145, 155-56 (2d Cir. 2006) (uncorroborated co-conspirator testimony is competent evidence to establish guilt), the jury also heard police testimony about Donald's inculpatory admissions to purchasing, preparing, and selling between 62 and 125 grams of cocaine each week during the time-frame of the charged

8

conspiracy.

Further, the jury heard two surveillance officers testify to observing Donald consummate the charged transactions with Jasper, which accounts were corroborated by Alston's testimony about her direct participation in and observation of each transaction. Although Donald complains of the government's failure to call Jasper himself as a witness, on sufficiency review we need consider only whether "the record evidence could reasonably support a finding of guilt beyond a reasonable doubt," Jackson v. Virginia, 443 U.S. 307, 318 (1979) (emphasis added), and we conclude that it could even without testimony from Jasper.

Indeed, the jury was presented with evidence of drugs, firearms, drug paraphernalia, and cash seized from Donald's residence. Alston testified that these items belonged to Donald and that Donald carried a firearm with him in the course of his narcotics distribution activities. Moreover, officers testified about Donald's statement that he lived at the residence, which was corroborated by keys seized from his person and mail addressed to him there. Donald's argument that this evidence failed to establish his control over the premises so as to support an inference that he possessed the seized materials appears to challenge the weight assigned the evidence by the jury, something we generally will not second guess on sufficiency review. See, e.g., United States v. Heras, 609 F.3d at 105 (cautioning that appellate review of sufficiency must not "usurp the role of the jury by substituting [court's] own determination of the weight of the evidence and the reasonable inferences to be drawn

9

for that of the jury" (internal quotation marks omitted)).

Drawing all reasonable inferences in the government's favor, as we must, we conclude that the evidence was sufficient to support Donald's conviction on the firearm and narcotics possession counts.

3.      Sentencing Challenges

Donald advances two challenges to his sentence, neither of which warrants extended discussion. First, he argues that he should be resentenced in accordance with amendments to the U.S. Sentencing Guidelines enacted in the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). That argument is foreclosed by our decision in United States v. Diaz, 627 F.3d 930 (2d Cir. 2010), which held that the FSA does not apply retroactively to defendants, like Donald, who were convicted and sentenced before the FSA's enactment, see id. at 931.

Second, Donald challenges the application of a statutory enhancement of the applicable mandatory minimum, see 21 U.S.C. § 841(b)(1)(A)-(B), based upon a prior drug conviction in which he was adjudicated as a youthful offender. He acknowledges that his argument is foreclosed by United States v. Sampson, 385 F.3d 183, 195 (2d Cir. 2004), but suggests that we should revisit that decision in light of United States v. Savage, 542 F.3d 959 (2d Cir. 2008). Donald offers no reason why we should do so, however, and we perceive none.

10

We have considered Donald's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court