**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4929**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

JAMES FLOYD MCDOUGALD,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00389-NCT-2)

Submitted:  March 17, 2011          Decided:  April 1, 2011

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  John W. Stone, Jr., Acting United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Floyd McDougald appeals the seventy-month sentence he received following his guilty plea to conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2010) and 21 U.S.C. § 846 (2006).[1] McDougald argues that the recent changes to the statutory provisions and Sentencing Guidelines relevant to crack cocaine offenses, enacted vis-à-vis the Fair Sentencing Act of 2010,[2] apply in this case, and thus serve to reduce his sentencing range. McDougald asks us to vacate his sentence and remand this case to the district court for resentencing pursuant to these amendments.

However, the Fair Sentencing Act, which reduces the cocaine/cocaine base disparity by amending the drug quantities triggering the statutory penalties, is not retroactive and is only applicable to defendants who commit their offenses after its effective date. McDougald's criminal conduct predated the effective date of the Act and thus it does not apply. <u>Accord</u>

---

[1] This sentence, which is well-below the ten-year statutory mandatory minimum, was the result of McDougald's qualification for the "safety valve" provision, codified at 18 U.S.C. § 3553(f) (2006), and the district court's decision to vary downward from the applicable Guidelines range.

[2] Pub. L. No. 111-220, 124 Stat. 2372 (2010) (codified in scattered sections of 21 U.S.C.)

United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010); United States v. Reevey, 631 F.3d 110, 114-15 (3d Cir. 2010); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010), petition for cert. filed, __ U.S.L.W. __ (U.S. Feb. 24, 2011) (No. 10-9224); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), petition for cert. filed, __ U.S.L.W. __ (U.S. Feb. 15, 2011) (No. 10-9271); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010), petition for cert. filed, __ U.S.L.W. __ (U.S. Feb. 10, 2011) (No. 10-8937). Accordingly, we reject this contention.

To the extent that McDougald appeals the district court's determination of the drug quantity attributable to him, we hold the court did not commit any error, let alone clear error, in reaching this factual conclusion. See United States v. Kellam, 568 F.3d 125, 147 (4th Cir.) (providing standard of review), cert. denied, 130 S. Ct. 657 (2009). The court based its finding on McDougald's own statement regarding the drug amounts that he purchased, and the defendant may be the source of the estimate for the amount of drugs involved. See United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991) (holding defendant's statements made at his arrest could be used in calculation of drug amounts at sentencing).

3

For the foregoing reasons, we affirm McDougald's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED