**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4355**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JAMES JOHN WILLIAMS, a/k/a Shy,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (5:09-cr-00206-FL-2)

_____

Submitted: March 29, 2011          Decided: April 15, 2011

_____

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

David L. Neal, Hillsborough, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Eric D. Goulian, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James John Williams pled guilty, without a plea agreement, to two counts of distribution of five grams or more of cocaine base ("crack"), and aiding and abetting the same, in violation of 21 U.S.C. § 814(a) (2006) and 18 U.S.C. § 2 (2006). The district court sentenced Williams within the advisory Guidelines range to concurrent ninety-eight-month terms on each count. Williams appeals, claiming that his sentence is unreasonable. Additionally, Williams argues that the recent changes to the statutory provisions and Sentencing Guidelines relevant to crack cocaine offenses, contained in the Fair Sentencing Act of 2010,[1] apply in this case, and thus serve to reduce his sentencing range. Williams asks us to vacate his sentence and remand this case to the district court for resentencing pursuant to these amendments. For the reasons that follow, we affirm Williams' sentence.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires

---

[1] Pub. L. No. 111-220, 124 Stat. 2372 (2010) (codified in scattered sections of Title 21 of the United States Code).

appellate consideration of both the procedural and substantive reasonableness of a sentence.  Gall, 552 U.S. at 51.

In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Williams does not dispute the calculation of his Guidelines range, but argues that his sentence is procedurally unreasonable because the court failed to carefully consider the § 3553(a) factors and provide an adequate reason for its sentence.  A district court is not required to "robotically tick through § 3553(a)'s every subsection" on the record.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  The sentencing court's explanation must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties arguments and has a reasoned basis for exercise [its] own legal decisionmaking authority.'"  United States v.

Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

After reviewing the record, we conclude that the district court properly considered the § 3553(a) factors, analyzed the arguments presented by the parties, and gave a thorough explanation of the sentence it selected. We therefore hold that Williams' sentence is procedurally reasonable.

Where there is "no significant procedural error," we next assess the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 345-46 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010). If the sentence is within the appropriate Guidelines range, this Court may consider it presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Citing Rita and Kimbrough v. United States, 552 U.S. 85 (2007), Williams argues that his Guidelines sentence should not be accorded a presumption of reasonableness, because the sentencing disparity for crack cocaine and powder cocaine offenses is not based on empirical evidence and a thorough review process. However, Kimbrough does not require appellate courts to discard "the presumption of reasonableness for

4

sentences based on non-empirically grounded Guidelines." United States v. Mondragon-Santiago, 564 F.3d 357, 366 (5th Cir.), cert. denied, 130 S. Ct. 192 (2009); see also United States v. Talamantes, 620 F.3d 901, 901 (8th Cir. 2010) (per curiam). While "district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly[,] . . . if they do not, [appellate courts] will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based." Mondragon-Santiago, 564 F.3d at 367. We therefore conclude that the presumption of reasonableness applies to our review of Williams' sentence. Moreover, because we conclude that Williams failed to overcome the presumption of reasonableness for his within-Guidelines sentence, we hold that the district court did not abuse its discretion in sentencing him within the Guidelines range to conccurrent terms of ninety-eight months' imprisonment.

Finally, Williams asks us to vacate his sentence and remand this case to the district court pursuant to the Fair Sentencing Act of 2010, which reduces the cocaine powder/cocaine base disparity by amending the drug quantities triggering the statutory penalties. However, the Fair Sentencing Act is not retroactive and is only applicable to defendants who commit their offenses after its effective date. Williams' criminal

conduct predated the effective date of the Act and thus it does not apply.[2]  Accordingly, we reject this contention.

　　　　For the foregoing reasons, we affirm Williams' criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2] <u>United States v. Diaz</u>, 627 F.3d 930, 931 (2d Cir. 2010); <u>United States v. Reevey</u>, 631 F.3d 110, 114-15 (3d Cir. 2010); <u>United States v. Brewer</u>, 624 F.3d 900, 909 n.7 (8th Cir. 2010), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. Feb. 24, 2011) (No. 10-9224); <u>United States v. Bell</u>, 624 F.3d 803, 814 (7th Cir. 2010), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. Mar. 4, 2011) (No. 10-9409); <u>United States v. Gomes</u>, 621 F.3d 1343, 1346 (11th Cir. 2010), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. Feb. 15, 2011) (No. 10-9271); <u>United States v. Carradine</u>, 621 F.3d 575, 580 (6th Cir. 2010), <u>cert. denied</u>, __ U.S.L.W. __ (U.S. Mar. 21, 2011) (No. 10-8937).