**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4124**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY WAYNE THOMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00496-WO-1)

Submitted:  March 21, 2011          Decided:  April 29, 2011

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  John W. Stone, Jr., Acting United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Wayne Thompson appeals his 120-month sentence imposed after a guilty plea to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006).  We affirm.

Thompson, who twice sold cocaine base to an undercover police officer, also sold a hand grenade simulator and a ground burst simulator to the same officer.  Thompson's Presentence Investigation Report ("PSR") recommended a two-level enhancement to his offense level for possession of a dangerous weapon.  The district court overruled Thompson's objection to the enhancement.  Thompson challenges that enhancement on appeal, claims that the district court imposed a procedurally unreasonable sentence, and argues that a remand is necessary in light of the Fair Sentencing Act of 2010.

A sentence is reviewed for reasonableness under an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory guideline range, this court must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties,

and sufficiently explained the selected sentence. <u>Lynn</u>, 592 F.3d at 575-76; <u>see</u> <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009). Properly preserved claims of procedural error are subject to harmless error review. <u>Lynn</u>, 592 F.3d at 576. If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. <u>Id.</u> at 575; <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).

## I.   Sentence Enhancement

Under <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(b)(1) (2009), a district court must increase a defendant's offense level two levels if the defendant possessed a dangerous weapon during a drug offense. USSG § 2D1.1(b)(1). The enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." <u>United States v. Manigan</u>, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted). Whether the district court properly applied the enhancement under USSG § 2D1.1(b)(1) is reviewed for clear error. <u>United States v. McAllister</u>, 272 F.3d 228, 234 (4th Cir. 2001). Under a clear error standard of review, this court will reverse only if "left with the definite and firm conviction that a mistake has been committed." <u>United States v.</u>

3

Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted).

The definition of "dangerous weapon" is found in the commentary to USSG § 1B1.1. That section defines dangerous weapon as

> (i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument.

USSG § 1B1.1, comment. (n.1(D)). Thompson argues that the devices were neither dangerous weapons, nor did they resemble dangerous weapons because each was labeled "simulator." The court accurately observed, however, that each simulator was labeled "explosive" and each actually resembled the weapon it was designed to simulate. In addition, the court emphasized that the warning labels on the stimulators state that the user should immediately throw the simulators after removing the safety caps or pulling the detonation cords. On these facts, we conclude that the district court did not clearly err in imposing the USSG § 2D1.1 enhancement.

## II. Explanation of Sentence

Thompson next argues that the court offered an inadequate explanation of his sentence, despite the fact that he

4

requested a variance. While the district court must conduct an individualized assessment of the defendant, the court is not required to "robotically tick through § 3553(a)'s every subsection" on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). The sentencing court's explanation must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). But when a sentencing court decides to simply apply the Guidelines, "doing so will not necessarily require lengthy explanation." Rita, 551 U.S. at 356. As we recently stated:

> Gall was quite explicit that district courts should provide more significant justifications for major departures than for minor ones. But when a district court does not depart or vary at all, it may provide a less extensive, while still individualized, explanation. This is because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy.

United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, Martin v. United States, 130 S. Ct. 2128 (2010). (internal citations, quotation marks and brackets omitted).

We conclude that Thompson's claim is without merit. The district court discussed the seriousness of trying to sell

5

explosives in the course of a drug transaction, noted Thompson's escalating criminal history, and, while recognizing the disparity between powder cocaine and cocaine base, declined to vary in light of the seriousness of the offense. We decline to disturb the sentence as unreasonable.

## III. Fair Sentencing Act

Thompson also requests that his sentence be vacated and remanded in light of the Fair Sentencing Act of 2010. The Fair Sentencing Act, which reduces the cocaine/cocaine base disparity by amending the drug quantities triggering the statutory penalties, is not retroactive but only applicable to defendants who commit their offenses after its effective date. See United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Feb 24, 2011) (No. 10-9224); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Feb. 15, 2011) (No. 10-9271); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010), cert. denied, ___ U.S.L.W. ___ (U.S. Mar. 21, 2011) (No. 10-8937). Since Thompson's offense predates the effective date of the Fair Sentencing Act, it does not apply to his case.

Accordingly, we deny Thompson's motion for leave to file a pro se supplemental brief and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED