10-3682-cr
United States v. Rowell

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of January, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                                No. 10-3682-cr

Richard Rowell,

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Richard C. Marquette, Goldblatt, Marquette & Rashba, P.C., Hamden, CT. |
| **FOR APPELLEE:** | Sarah P. Karwan, Assistant United States Attorney, (Robert M. Spector, Assistant United States Attorney, *of counsel*), *for* David B. Fein, United States Attorney for the District of Connecticut. |

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Richard Rowell ("Rowell") appeals from the September 13, 2010 judgment of conviction entered by the District Court, convicting him, following a jury trial, of possession with intent to distribute and distribution of 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Rowell was sentenced principally to 130 months of imprisonment and 60 months of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, Rowell argues that (1) the verdict was biased because it was rendered by a jury that included Juror No. 38, a former police officer, (2) the Fair Sentencing Act of 2010 should apply to his conviction, and (3) his sentence was substantively unreasonable. We consider each of these issues in turn.

*Juror No. 38*

First, Rowell argues that the District Court erred in denying his motion for a new trial because Juror No. 38 "was a former police officer who admitted he was biased" during voir dire. As a general matter, "[t]he process of empaneling a jury is firmly entrusted to the sound discretion of the trial judge and will not be disturbed absent an abuse of this discretion." *United States v. Feliciano*, 223 F.3d 102, 110 (2d Cir. 2000) (internal citation and quotation marks omitted). Thus, "it has long been the rule that 'judges have been accorded ample discretion in determining how best to conduct the voir dire.'" *United States v. Quinones*, 511 F.3d 289, 299 (2d Cir. 2007) (emphasis omitted) (quoting *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981)).

In this case, there is no dispute that the defendant was aware of Juror No. 38's law enforcement background at the time of voir dire; indeed, the District Court questioned Juror No. 38 at length regarding whether his previous employment would affect his impartiality. By making the choice not to challenge this particular juror before the trial court, Rowell has waived the opportunity to challenge the juror's impartiality on appeal. *See United States v. Ragland*, 375 F.2d 471, 475 (2d Cir. 1967) ("Failure to object to the composition of the jury has long been held to result in a waiver of the right of the accused to be heard by an impartial jury.").

Even assuming a timely challenge below, Rowell has failed to demonstrate the "actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality." *Knapp v. Leonardo*,

46 F.3d 170, 176 (2d Cir. 1995) (internal citation and quotation marks omitted). It is well established that "[t]he mere fact of membership on a police force is not presumptively a disqualification for service on a jury in a criminal trial." *Mikus v. United States*, 433 F.2d 719, 724 (2d Cir. 1970). Moreover, in his extended colloquy with Judge Arterton, Juror No. 38 explained that, although a criminal defendant might believe him to be biased due to his law enforcement experience, he could in fact "make a fair observation." Because "in-the-moment voir dire affords the trial court a more intimate and immediate basis for assessing a venire member's fitness for jury service," *Skilling v. United States*, 130 S. Ct. 2896, 2918 (2010) (emphasis omitted), we decline to second-guess the District Court's determination that Juror No. 38 could serve as a fair and impartial juror.

*Fair Sentencing Act of 2010*

Second, Rowell argues that he is entitled to the benefit of the Fair Sentencing Act of 2010 (the "FSA" or the "Act"), Pub. L. No. 111–220, § 2, 124 Stat. 2372, 2372, which reduced the mandatory minimum penalties for specified drug crimes. We have previously held that the general savings statute, 1 U.S.C. § 109, bars the retroactive application of the FSA to defendants who were convicted and sentenced before the Act was signed into law on August 3, 2010, *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010), and to defendants who had not yet exhausted their appeals on that date, *United States v. Acoff*, 634 F.3d 200, 202 (2d Cir. 2011). Rowell seeks to distinguish these precedents by arguing that, although he was convicted prior to the enactment of the FSA, he was sentenced after the legislation took effect.

We do not reach the issue of the FSA's retroactivity in this case, however, because the District Court explicitly adopted the 18-to-1 ratio between crack and powder cocaine quantities enacted by the FSA and decided that a sentence above the previous mandatory minimum was appropriate. Because the record clearly indicates that the District Court would have imposed the same sentence under either the FSA or the prior sentencing regime, there is no need to remand the case for resentencing. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (*en banc*).

There will undoubtedly be future occasions on which to resolve any lingering questions regarding the retroactive application of the FSA. This is not that case.

*Substantive Reasonableness*

Finally, Rowell contends that the District Court erred by imposing a sentence greater than necessary to achieve the purposes of sentencing. A sentence will satisfy the requirements of *United States v. Booker*, 543 U.S. 220 (2005), and the Sixth Amendment "if the sentencing judge (1) calculates the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) considers

the calculated Guidelines range, along with the other [18 U.S.C.] § 3553(a) factors; and (3) imposes a reasonable sentence." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006). We review a criminal sentence for "unreasonableness," which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (*en banc*) (quotation marks omitted); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law).

In this case, the record makes clear that the District Court fully complied with its sentencing obligations and imposed a reasonable sentence in light of the factors set forth in 18 U.S.C. § 3553(a). After allowing counsel, the defendant, and the defendant's family to address the court, Judge Arterton engaged in a thorough analysis of the § 3553(a) factors, noting that the defendant "was in the very serious business of . . . making and distributing cocaine base," and that he had a "dysfunctional, abusive childhood." The Court further noted the need "to provide deterrence to you from any further criminal activity" and "to protect the public from your further crimes." Thus, the sentencing record belies any assertion that the District Court failed to consider the § 3553(a) factors and confirms that the 130-month sentence imposed was substantively reasonable.

## CONCLUSION

We have considered all of Rowell's claims on appeal and found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4