12-3631-cr
United States v. Deshawn Reese and Dakota Beverly

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 11th day of October, two thousand thirteen.

Present:    ROSEMARY S. POOLER,
            GERARD E. LYNCH,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                                             12-3631-cr (Lead)
                                                            12-3636-cr (Con)

DESHAWN REESE, a.k.a. Day Day, DAKOTA BEVERLY, a.k.a. Chinx,

                    *Defendants-Appellants*.

_____

Appearing for Appellants:    Randall D. Unger, Esq., Bayside, N.Y. (*For Defendant-appellant Deshawn Reese*)
                             Joyce C. London, Esq., New York, N.Y., Michael A. Young, Esq. (*For Defendant-appellant Dakota Beverly*)

Appearing for Appellee:      Amy Busa, Robert T. Polemeni, Tiana Demas, Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of said District Court be and hereby are **AFFIRMED**.

Deshawn Reese and Dakota Beverly appeal from orders of the United States District Court for the Eastern District of New York (Irizarry, *J.*) denying their motions for sentence reductions. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Dakota Beverly was charged in a seventy-one count indictment, alleging, among other crimes, that he had been involved in sales of cocaine base and that he possessed a firearm in connection with drug trafficking. Beverly entered into a cooperation agreement with the government and pleaded guilty to Counts One and Nineteen of the indictment, which alleged violations of 21 U.S.C. §§ 846 and 841(b)(1)(a)(iii) and 18 U.S.C. §§ 924(c)(1)(A)(ii)., respectively. He was sentenced to sixty months' imprisonment on Count One, to run consecutive to thirty months' imprisonment on Count Nineteen, for a total of ninety months. Beverly filed a motion for reduction of sentence pursuant to Section 3582(c)(2) in light of the amendments to the Guidelines following the enactment of the Fair Sentencing Act, Pub. L. No. 111–220, 124 Stat. 2372 (2010) (amending 21 U.S.C. § 841) ("the FSA"), which the government indicated that it supported. On August 28, 2012, the district court denied Beverly's motion.

Beverly now appeals the district court's order denying his motion for a sentence reduction pursuant to Section 3582(c), arguing that the district court had already fully considered his criminal history and the severity of his crime at his initial sentencing, and thus should not have considered them again at this stage.

Even if a defendant, like Beverly, is eligible for a sentence reduction, a district court must still consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). The district court's order denying Beverly's motion makes clear that it took U.S.S.G. § 1B1.10 and Section 3553(a) into account. In accordance with those provisions, the district court properly considered the severity of Beverly's crime and his past criminal history. These factors, which were relevant at Beverly's original sentencing, remain relevant to determining what sentence is appropriate after the former overly-harsh crack guidelines have been adjusted. Moreover, it was not error for the district court to consider an addendum to the PSR detailing disciplinary infractions that occurred after Beverly was sentenced. An inmate's post-sentencing conduct is a relevant factor that a district court may consider. *See* U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted.") This Court has held that a district court is "well within its discretion" in considering the defendant's post-conviction disciplinary record when addressing a Section 3582(c) motion. *See United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) ("Accordingly, the District Court acted well within its discretion in considering the fact that Figueroa had been disciplined five times while at the MDC

for possessing intoxicants on two occasions, possessing a weapon on two occasions, and assaulting another inmate."). Accordingly, the district court did not abuse its discretion in denying Beverly's motion for a sentence reduction, and we affirm.

Deshawn Reese was charged in the same indictment, pleaded guilty to the same Counts One and Nineteen, and was sentenced on March 20, 2008 to 135 months' imprisonment pursuant to Count One, to run consecutively to his term of 120 months' imprisonment pursuant to Count Nineteen, for a total of 255 months' imprisonment. Following an appeal to this Court, and a remand to the district court for resentencing, Reese was resentenced to 120 months' imprisonment on Count Nineteen to run consecutive to the term imposed on Count One. Reese now appeals from the district court's August 20, 2012 order denying his motion for a reduction in sentence. On appeal, Reese argues that the FSA should be applied retroactively in his case, although he was convicted and sentenced well before the effective date of the FSA.

We have held that "the FSA contains no express statement that it is intended to have retroactive effect nor can we infer such intent from its language. As a result, the FSA cannot be applied to reduce [an] [a]ppellant's sentence [if] he was convicted and sentenced before the FSA was enacted." *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010). Reese argues that the Supreme Court's decision in *Dorsey v. United States*, --- U.S. ----, 132 S. Ct. 2321 (2012), undermines the continued validity of *Diaz*. He is wrong. In *Dorsey*, the Supreme Court concluded that Congress intended "the Fair Sentencing Act's new, lower mandatory minimums to apply *to the post-Act sentencing of pre-Act offenders*." 132 S. Ct. at 2335 (emphasis added). The Court explained that "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Id.*

Accordingly, *Dorsey* does not undermine, but rather reaffirms the holding of *Diaz* that the FSA does not apply retroactively to defendants convicted and sentenced prior to August 3, 2010. As Reese was sentenced in 2008, and resentenced in 2009, he is not eligible for a sentence reduction under the FSA amendments. Thus, we affirm the district court's denial of Reese's motion for a reduction in sentence.

We have considered Appellants' remaining arguments and find they are without merit. For the foregoing reasons, the orders of the district court are hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3