# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2268

_____

United States of America

*Plaintiff - Appellee*

v.

Ricky Alfonzo Perkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 16, 2013
Filed: January 24, 2014
[Unpublished]

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ricky Perkins appeals the fourteen-month sentence imposed by the district court[1] after Perkins admitted a total of eighteen violations of eleven different conditions of his supervised release. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Perkins argues his fourteen-month revocation sentence violates the constitution because, after he was originally sentenced in 2005 for a crack cocaine offense, Congress reduced the sentences applicable to crack cocaine offenders under the Fair Sentencing Act of 2010 (FSA). He claims the eighty-five months he has already served between his original sentence[2] and a previous supervised release violation exceeds the maximum amount of time he could serve for his original crime. If the FSA had applied to his original sentence, Perkins argues his advisory guidelines range would have been 33-41 months, and the maximum time he could have spent for a violation of supervised release would have been 24-36 months. Using the high end of both those ranges, then, Perkins argues the maximum time he can spend in prison under the FSA for both his original sentence and a revocation of his supervised release is seventy-seven months (41 + 36 = 77).

There are a number of problems with the argument advanced by Perkins, but we need only focus on two. First, the argument is based upon the flawed premise that the FSA applies to Perkins's original sentence. See United States v. Reeves, 717 F.3d 647, 651 (8th Cir. 2013) ("[T]he Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010."). Thus, any hypothetical comparisons between what Perkins received under the pre-FSA sentencing regime (which applies to him) and the post-FSA sentence regime (which does not apply to him) are entirely irrelevant. The constitutionality of Perkins's original sentence remains unaffected by the passage of the FSA. See, e.g., United States v. Acoff, 634 F.3d 200, 202-03 (2d Cir. 2011) (noting the enactment of the FSA did not undermine the constitutional validity of pre-FSA law rejecting constitutional challenges to the 100:1 crack/powder ratio). Second, the FSA does not apply to a sentence which

---

[2]Perkins originally received a sentence of 104 months. That sentence was later reduced to seventy-seven months due to guideline amendments which modified the sentences applicable to crack cocaine offenders.

follows the revocation of supervised release. Such a sentence is based upon the conduct which violated the conditions of supervised release, and not upon the conduct which resulted in the original sentence.

We therefore affirm the district court. <u>See</u> 8th Cir. R. 47B.

_____