UNITED STATES of America,
Appellee,

v.

John ARMSTRONG, Also Known as
Peso, Justice Cephas, Also Known as
Woodrow Jackson, Also Known as
Man, Also Known as Reginald Mur-
ray, Nicholas Hayes, Tyquan Midyett,
Shawn Pender, Oscar Ray, Also
Known as John Doe, Also Known as
E, Brian Santano, Cheyenne Simons,
Also Known as the President, Also
Known as Shitty, Teon Simons, Defen-
dants,

Michael Brown Also Known as Ni-
ghtcrawler, Stanley Feaster, Also
Known as Green Eyes, Defendants–
Appellants.[1]

Nos. 09–3963–cr(L), 09–3970–cr(Con).

United States Court of Appeals,
Second Circuit.

Jan. 14, 2010.

William E. Schaeffer, Assistant United
States Attorney, of counsel (David C.
James, Assistant United States Attorney)
for Loretta E. Lynch, United States Attor-
ney for the Eastern District of New York,
Brooklyn, NY, for Appellee.

---

1. In a separate order filed today, we grant
both Joseph F. Kilada's motion for permission
to withdraw as Defendant–Appellant Stanley
Feaster's counsel pursuant to *Anders v. Cali-
fornia,* 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), and the Government's
motion to dismiss Feaster's appeal as barred
by the waiver of appellate rights contained in
his plea agreement. Accordingly, this sum-
mary order addresses only Defendant–Appel-
lant Michael Brown's claims on appeal.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Defendant–Appellant Michael Brown.

Present: AMALYA L. KEARSE, RALPH K. WINTER, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Michael Brown appeals from the district court's judgment entered on September 15, 2009 convicting him, after a jury trial, of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and § 846, three counts of drug distribution near a school and public housing authority in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and § 860(a), and use of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i). We assume the parties' familiarity with the underlying facts and procedural history in this case.

On appeal, Brown raises three principal arguments that the district court erred in denying his motion to suppress physical evidence and post-arrest statements. First, he asserts that the search of his apartment was illegal because, although a warrant for that apartment had been issued, the police officers, prior to conducting the search, did not have the warrant in hand, had not read the warrant, and had not had its terms read to them. Second, he contends that exigent circumstances did not otherwise justify the search because, *inter alia*, a person throwing vials of crack cocaine from an apartment window did not constitute violent conduct, and a slight delay to contact the narcotics division to retrieve the previously issued warrant would not have resulted in the destruction of evidence. Third, he submits the government failed to meet its burden in establishing that the seizure of the firearm and crack cocaine in his apartment's closet fit within the plain view exception to the Fourth Amendment's warrant requirement. We review the district court's ruling on a suppression motion for clear error with respect to factual findings, viewing the evidence in the light most favorable to the government, and *de novo* as to questions of law. *United States v. Rodriguez,* 356 F.3d 254, 257 (2d Cir.2004).

Applying these principles to this case, we affirm for substantially the same reasons articulated by the district court in its thoughtful and well-reasoned memorandum and order filed on February 3, 2009. *See generally United States v. Brown,* 596 F.Supp.2d 611 (E.D.N.Y.2009). The Supreme Court has explicitly recognized that "neither the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure requires the executing officer to serve the warrant on the owner before commencing the search." *Groh v. Ramirez,* 540 U.S. 551, 562 n. 5, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004). Relying on this authority, the district court concluded that an officer is not required to have a search warrant in hand when conducting the search. *Brown,* 596 F.Supp.2d at 625. Additionally, having found that the supervising officer had knowledge that the narcotics division had obtained a search warrant for crack cocaine at Brown's apartment, and that the supervising officer informed the other officers of the warrant prior to the search, the court properly held that such objective information allowed the officers to conduct a reasonable search that fell within constitutional parameters. *See id.* at 626–27; *see also Brigham City v. Stuart,* 547 U.S. 398, 404, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006) ("An action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed *objectively,* justify [the] action." (emphasis in original; internal quotation marks omitted)). Be-

502

cause the search of Brown's apartment was authorized by and executed pursuant to a valid search warrant, we need not reach Brown's arguments concerning exigent circumstances and the plain view doctrine.

We have considered all of Brown's contentions on this appeal and have found them to be without merit. For the reasons stated, the judgment of the district court is **AFFIRMED**.