10-2478-cr
United States v. Tyquan Midyett

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>AMENDED SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand eleven.

PRESENT:  AMALYA L. KEARSE,
          PIERRE N. LEVAL,
          DENNY CHIN,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
        <u>Appellee</u>,

        -v.-                               10-2478-cr

TYQUAN MIDYETT,
        <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:     JOHN BURKE, Law Office of John Burke, New York, New York.

FOR APPELLEE:                M. KRISTEN MASE, WILLIAM E. SCHAEFFER, and EMILY BERGER, Assistant United States Attorneys, <u>for</u> LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, <u>J.</u>). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Tyquan Midyett appeals from the district court's June 17, 2010 judgment convicting him, pursuant to a jury verdict, of (1) conspiracy to distribute and possess with intent to distribute cocaine base; (2) distribution and possession with intent to distribute cocaine base near a school and public housing facility; and (3) possession of a firearm after having been convicted of a felony. The district court sentenced Midyett principally to 240 months' imprisonment. Midyett challenges the judgment on the principal grounds that (1) the district court erred in denying his motion to suppress certain evidence; (2) the verdict sheet was prejudicial; and (3) the Fair Sentencing Act of 2010 should apply to his conviction.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1.   The Motion to Suppress

Midyett challenges the district court's denial of his motion to suppress currency seized from his pocket after his arrest on January 9, 2007. Specifically, he argues that the police did not have probable cause to arrest him, and the currency should have been suppressed as fruit of the poisonous tree.

As established by the evidence presented at the suppression hearing below, the facts relevant to Midyett's arrest are as follows: On January 9, 2007, police officers from the NYPD Housing Bureau and officers from the Emergency Services Unit

("ESU") were preparing to execute a search warrant for Apartment 3B of 125 Nostrand Avenue, Brooklyn, New York. Officer Samaniego, of the Housing Bureau, took up a post outside the building, and observed a woman drop a bag out of a small window on the second floor. It contained approximately sixty vials of cocaine. He knew that the window belonged to Apartment 2A because the outside of the building was marked with an "A" below that line of windows. Samaniego relayed what he had seen to Captain McGinn (also of the Housing Bureau). McGinn knew that another warrant -- which he did not have in his possession -- authorized the search of Apartment 2A of the same building for, among other things, drugs and drug paraphernalia. He instructed the ESU officers to go to Apartment 2A, knock on the door, and attempt to gain entry. They did so, and when an occupant opened the door, they entered the apartment.[1] In the apartment, ESU found a gun and a ziplock bag containing approximately twenty-seven vials of crack cocaine in "plain view" at eye level on the shelf of a kitchen closet, the door to which was open. (Feb. 3, 2009 Order at 40). Midyett and six other individuals were in the apartment when ESU entered. All seven were arrested.

Thus, Midyett was in an apartment for which the authorities had a search warrant, from the window of which cocaine was tossed, and in which a gun and more drugs were found

---

[1]    In an appeal by one of Midyett's co-defendants, this Court held that the search of Apartment 2A was lawful. See United States v. Armstrong, 406 F. App'x 500 (2d Cir. 2010) (Summary Order).

in "plain view." These facts, taken together, "are sufficient to warrant a person of reasonable caution in the belief that [Midyett] ha[d] committed or [was] committing a crime." Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 139 (2d Cir. 2010) (internal quotation marks omitted). Therefore, ESU had probable cause to arrest Midyett, and the search of his pockets was justified as incident to a lawful arrest, see, e.g., United States v. Robinson, 414 U.S. 218, 224 (1973).

2. The Verdict Sheet

Midyett also argues that the structure of the verdict sheet was prejudicial. Specifically, he contends that the verdict sheet's instruction on Count One was confusing because it prompted the jury to answer whether "the conspiracy involved fifty grams or more of cocaine base" only if it found Midyett guilty on Count One -- a count that, by its terms, necessitated a finding that the conspiracy involved fifty grams or more of cocaine. While the second question might have been rendered superfluous by the first, the sequence of questions did not prejudice Midyett. See generally United States v. McCourty, 562 F.3d 458, 470-71 (2d Cir.) (discussing similar interrogatories), cert. denied, 130 S. Ct. 1012 (2009). Furthermore, "[a]s the quantity issue was actually submitted to the jury and was decided beyond a reasonable doubt," Midyett's rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), were not violated. United States v. Flaharty, 295 F.3d 182, 195-96 (2d Cir.), cert. denied, 537 U.S. 936 (2002).

- 4 -

3.    <u>The Fair Sentencing Act</u>

Finally, Midyett argues that he is entitled to the benefit of the Fair Sentencing Act of 2010 (the "FSA").  This argument fails, however, because Midyett was sentenced before the enactment of the FSA, and this Court has explicitly held that the FSA does not apply retroactively.  See <u>United States v. Diaz</u>, 627 F.3d 930, 931 (2d Cir. 2010); <u>United States v. Acoff</u>, 634 F.3d 200, 202 (2d Cir. 2011) (per curiam) (FSA not retroactive even if defendant's case still on appeal when it was enacted).[2]

We have considered Midyett's remaining arguments on appeal and have found them to be without merit.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

---

[2]    We note that the United States Sentencing Commission amended the sentencing guidelines in light of the FSA, and in June 2011 voted to give retroactive effect to the amendment.  <u>See</u> News Release, U.S. Sent'g Comm'n, U.S. Sentencing Commission Votes Unanimously To Apply Fair Sentencing Act of 2010 Amendment to the Federal Sentencing Guidelines Retroactively (June 30, 2011), <u>available at</u> http://www.ussc.gov/Legislative_and_Public_Affairs/Newsroom/Press_Releases/20110630_Press_Release.pdf, at 1. The retroactive application of the amended guidelines, however, "does not give retroactive effect to the [FSA itself]."  <u>Id.</u> Therefore, the amended guidelines cannot benefit a defendant, like Midyett, who received the mandatory minimum term of imprisonment applicable at the time he was sentenced.  <u>See United States v. Williams</u>, 551 F.3d 182, 185 (2d Cir. 2009) (regardless of a lowering of a sentencing range by the Commission, where a defendant's "'statutorily required minimum sentence [is] greater than the maximum of the applicable guideline range, the statutorily required minimum sentence [is] the guideline sentence'" (quoting Guidelines § 5G1.1(b))).

- 5 -