**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2011[*]
Decided June 2, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1065

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-40005-003 |
| MICHAEL S. ROBINSON, *Defendant-Appellant*. | Joe Billy McDade, *Judge*. |

**O R D E R**

Michael Robinson appeals the 20-year prison sentence imposed on his conviction for conspiracy to distribute crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). He argues that the district court violated the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which, after he was charged, increased the quantities of crack that will subject a defendant to a statutory minimum sentence. We affirm the judgment.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

Robinson, along with two other men, spent four years distributing crack in the Quad Cities that straddle the border between Illinois and Iowa. On January 4, 2010, local police officers stopped the three men in a van traveling west from Chicago, searched the vehicle, and found roughly 1/2 kilogram of powder cocaine. The next day, federal authorities brought drug charges against Robinson and his companions.

The conspiracy count alleged that the quantity of crack was at least 50 grams, which in combination with Robinson's prior conviction for a felony drug offense, mandated a 20-year prison term under the sentencing scheme as it existed before enactment of the FSA. *See* 21 U.S.C. §§ 841 (b)(1)(A)(iii), 851 (2006). Robinson pleaded guilty to that charge, and afterward a probation officer concluded that the conspiracy involved 4 kilograms of crack. Robinson objected to that calculation, however, and before sentencing the parties agreed that 275 grams was the amount of crack that should be attributed to Robinson. At sentencing on January 4, 2011, the district court adopted the parties' calculation, which, if not for the statutory minimum, would have yielded a guidelines imprisonment range of 108 to 135 months. Robinson urged the court to apply the FSA, which was enacted on August 3, 2010. The FSA increased from 50 to 280 grams the quantity of crack necessary to subject a defendant like Robinson, with a prior conviction for a felony drug crime, to a 20-year mandatory minimum. *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (2006) *with* 21 U.S.C. § 841(b)(1)(A)(iii) (2006 & Supp. IV 2010). The court denied the motion on the ground that the revisions to § 841(b)(1) apply only to offenses committed after the FSA was enacted.

On appeal, Robinson argues that he should have been sentenced under the FSA because it was enacted before his sentencing hearing. We rejected that contention in *United States v. Fisher*, 635 F.3d 336, 40 (7th Cir. 2011), which holds that the legislation applies only to postenactment crimes. *See also United States v. Bell*, 624 F.3d 803, 815 (7th Cir. 2010); *United States v. Acoff*, 634 F.3d 200, 202 (2d Cir. 2011).

Robinson tries to distinguish himself from the defendants in *Fisher* and *Bell*, who were sentenced before the base offense levels in U.S.S.G. § 2D1.1(c) were altered in November 2010 to conform to the FSA. In approving the FSA, Congress instructed the Sentencing Commission to use its emergency authority to conform the guidelines to the statutory changes,124 Stat. 2374; *see also* 28 U.S.C. 994, and that directive, says Robinson, proves that Congress at least intended for the FSA to apply to sentences imposed after § 2D1.1(c) was amended. But *Fisher* rejects this contention too, and explains that we will not "read in by implication anything not obvious in the text of the FSA." *Fisher*, 635 F.3d at 339.

AFFIRMED.