**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2011[*]
Decided August 24, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1481

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-40 |
| DARNELL F. KING, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Darnell King appeals the 45-month prison sentence that he received after pleading guilty to distributing crack cocaine. See 21 U.S.C. § 841(a)(1), (b)(1)(B). He argues that the district court violated the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which, after he was charged, increased the quantities of crack that subject a defendant to a statutory minimum

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(c).

sentence and thus would have called for a lower sentence in his particular case. We affirm the judgment.

On August 6, 2008, King sold 15.2 grams of crack to an informant in Racine, Wisconsin. He was arrested and charged with distributing crack. Because the offense involved 5 or more grams of crack, King faced a minimum prison term of 5 years under the sentencing scheme as it existed before the enactment of the FSA. See 21 U.S.C. § 841(b)(1)(B)(iii) (2006). King pleaded guilty and cooperated with authorities.

At sentencing in February 2011, the district court calculated a guidelines imprisonment range of 37 to 46 months, which had to be increased to 60 months because of the statutory minimum. See U.S.S.G. § 5G1.1(b). King moved to be sentenced under the FSA, which was enacted on August 3, 2010. The FSA increased from 5 to 28 grams the quantity of crack necessary to subject a defendant like King to a 5-year mandatory minimum. Compare 21 U.S.C. § 841(b)(1)(B)(iii) (2006) with *id*. § 841(b)(1)(B)(iii) (2006 & Supp. IV 2010). The court denied the motion on the ground that the FSA applies only to offenses committed after its enactment. But the court granted a motion by the government to impose a sentence below the statutory minimum based on King's substantial assistance, see 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, and sentenced him to 45 months' imprisonment.

On appeal, King argues that he should have been sentenced under the FSA because his sentencing hearing took place after the FSA was enacted. We rejected that contention in *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011), which held that the legislation applies only to postenactment criminal conduct. See also *United States v. Bell*, 624 F.3d 803, 815 (7th Cir. 2010); *United States v. Acoff*, 634 F.3d 200, 202 (2d Cir. 2011). King attempts to distinguish his case based on the fact that the defendants in *Fisher* and *Bell* were sentenced before November 2010, when the sentencing guidelines were amended to conform with the FSA by increasing the quantities of crack that lead to higher base offense levels. See U.S.S.G. § 2D1.1(c). Congress instructed the Sentencing Commission to use its emergency authority to conform the guidelines to the statutory changes in the FSA. 124 Stat. 2374; see also 28 U.S.C. § 994. That directive, says King, proves that Congress at least intended for the FSA to apply to sentences, such as his, which were imposed after § 2D1.1(c) was amended. But *Fisher* rejects this contention too, and explains that we will not "read in by implication anything not obvious in the text of the FSA." *Fisher*, 635 F.3d at 339. Furthermore, this court recently decided (by a 5-5 vote) not to reconsider *Fisher* and *Bell*. See *United States v. Holcomb, et al.,* Nos. 11-1558, 11-1559, 11-1586 & 11-1758 (7th Cir. Aug. 24, 2011). As the three opinions in *Holcomb* point out, there is now a significant split in the circuits that will have to be resolved by a higher authority.

AFFIRMED.