10-2017-cr
United States v. Merisier

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
            GUIDO CALABRESI,
            ROSEMARY S. POOLER,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        <u>Appellee</u>,

        -v.-                                          10-2017-cr

ROSHAWN MERISIER, AKA ROCKY, AKA ROCK, AKA ROSCO,
        <u>Defendant-Apellant</u>,

and,

DAMIAN GREEN, EDDIE IGLESIAS, HECTOR MORALES,
        <u>Defendants</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          Steven Yurowitz, Newman &
                            Greenberg, New York, NY.


**FOR APPELLEES:**          Amy Busa & Matthew S. Amatruda,
                            *for* Loretta E. Lynch, United
                            States Attorney for the Eastern
                            District of New York, Brooklyn,
                            NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant Roshawn Merisier appeals from a judgment of conviction entered by the United States District Court for the Eastern District of New York (Garaufis, <u>J.</u>) for conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), and illegally dealing firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). We assume the parties' familiarity with the facts, procedural history, and issues presented on appeal.

Merisier argues that he should be resentenced with the benefit of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"), which reduced the mandatory minimum he faced for one of the crimes to which he pled guilty. At least one panel of this Court has already held that the FSA does not apply retroactively to a defendant in Merisier's position--one sentenced before the FSA was enacted. <u>See</u> <u>United States v. Acoff</u>, 634 F.3d 200, 202-03 (2d Cir. 2011) (per curiam). That opinion accords with every circuit's decision on the issue. <u>See</u> <u>United States v. Goncalves</u>, 642 F.3d 245, 253-54 (1st Cir. 2011); <u>United States v. Reevey</u>, 631 F.3d 110, 114-15 (3d Cir. 2010); <u>United States v. Bullard</u>, 645 F.3d 237, 248–49 (4th Cir. 2011), <u>United States v. Doggins</u>, 633 F.3d 379, 384 (5th Cir. 2011); <u>United States v. Carradine</u>, 621 F.3d 575, 580 (6th Cir. 2010); <u>United States v. Bell</u>, 624 F.3d 803, 814-15 (7th Cir. 2010); <u>United States v. Brewer</u>, 624 F.3d 900, 909 n.7 (8th Cir. 2010); <u>United States v. Baptist</u>, 646 F.3d 1225, 1229 (9th Cir. 2011) (per curiam); <u>United States v. Lewis</u>, 625 F.3d 1224, 1228 (10th Cir. 2010); <u>United States v. Gomes</u>, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam).

2

While mandated by our precedents, nothing inhibits the executive from extending clemency that would bring this sentence in line with the FSA, and on the whole, the panel is of the view that clemency would serve the interests of justice in this case because even though Merisier was sentenced prior to the enactment of the FSA, his appeal was still pending--and thus his conviction was not yet final--at the time the FSA became effective.

Finding no merit in defendant's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3