13-2516-cr
*United States v. Wyatt*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fourteen.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN,
                    *Circuit Judges*,
            WILLIAM K. SESSIONS, III,
                    *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

            -v.-                                          13-2516-cr

MICHAEL WYATT,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]     The Honorable William K. Sessions, III, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLEE:                    Joseph J. Karaszewski, Assistant United States
                                 Attorney, *for* William J. Hochul, Jr., United
                                 States Attorney for the Western District of New
                                 York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:          Scott M. Green, Rochester, New York.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Defendant-appellant Michael Wyatt appeals from the amended judgment of the district court entered June 27, 2013, sentencing him principally to 102 months' imprisonment. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we briefly summarize before addressing the merits.

On October 27, 2010, Wyatt pled guilty to conspiracy to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 846, possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession of more than five grams of cocaine base in violation of 21 U.S.C. § 844(a). Wyatt committed these crimes in 2009 -- prior to the passage of the Fair Sentencing Act (the "FSA"), Pub. L. No. 111–220, 124 Stat. 2372, which reduced the quantities for triggering certain mandatory minimums in crack

cocaine cases. Under the pre-FSA framework, Wyatt's guilty plea to § 841 and § 846 triggered a 120-month mandatory minimum.

Wyatt was sentenced on April 16, 2011. The district court determined that his Guidelines range was 262-327 months, based on an offense level of 34 and a criminal history category of VI, after application of the career offender enhancement. Consistent with Second Circuit case law at the time, the district court held that the FSA did not apply retroactively. *See United States v. Acoff*, 634 F.3d 200, 202 (2d Cir. 2011), *abrogated by Dorsey v. United States*, 132 S. Ct. 2321 (2012). The district court sentenced Wyatt principally to 156 months' imprisonment.

Wyatt appealed. While his appeal was pending, the Supreme Court decided in *Dorsey* that the FSA applies retroactively to defendants who committed offenses before but were sentenced after the effective date of the FSA. 132 S. Ct. at 2326. This Court then granted the Government's motion to vacate the sentence, and the matter was remanded for "*de novo* resentencing." *United States v. Wyatt*, U.S.C.A. Dkt. No. 11–1812, doc. 57 (Oct. 19, 2012).

At the resentencing on June 18, 2013, the district court found that Wyatt's new Guidelines range was 188 to 235 months. The district court concluded that it would downwardly depart roughly in proportion to the extent it departed at the original sentencing -- 41 percent. Finding that a sentence of 126 months was

appropriate, the district court ultimately imposed a sentence of 102 months, which took into account the time Wyatt had already spent in state custody. This appeal followed.

Wyatt challenges his sentence only for substantive unreasonableness. We review a sentence for substantive unreasonableness under a "deferential abuse-of-discretion" standard. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In so doing, we ask whether the sentence "can[ ] be located within the range of permissible decisions." *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (quotation marks omitted); *see United States v. Thavaraja*, 740 F.3d 253, 259 (2d Cir. 2014). We have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

We conclude that Wyatt's sentence of 102 months fell comfortably within the range of reasonable sentences. First, although he was in possession of only 5.119 grams of crack cocaine when he was arrested, he admitted to police officers his responsibility for larger quantities. Second, Wyatt had six prior convictions -- four were felonies, including one for possession of a gun. Third, in imposing a sentence 62 months below the Guidelines range, the district court took into account the fact that only a "small amount of drugs" was involved. (App. 79).

We have considered Wyatt's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk